UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 21 2014

Norman Calhoun,

              Plaintiff,

—v—

Nnaemezie Umeasor, et al.,

              Defendants.

No. 12 Civ. 7238 (AJN)

MEMORANDUM
AND ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Norman Calhoun brings a *pro se* claim alleging that the Defendants, Nnaemezie Umeasor, Grace Okacha, Carol McCloughlin, Vincent Miccoli, and Jean-Pierre Lindenmayer, are liable to him under 28 U.S.C. § 1983 for violating his Eighth Amendment right to be free from cruel and unusual punishment. Compl., Dkt. No. 2. Before the Court is the Defendants' unopposed motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Dkt. No. 24. For the reasons below, the Court determines that Plaintiff's complaint fails to state a claim, and GRANTS the motion to dismiss.

I.    BACKGROUND

    A.    Facts

The following facts are derived from the Plaintiff's Complaint. For purposes of the motion to dismiss, they are assumed true and construed in Plaintiff's favor.

Plaintiff was transferred from St. Lawrence Psychiatric Center to the Manhattan Psychiatric Center, Ward's Island, New York ("MPC"), on March 26, 2012. Plaintiff suffers from a bad back, and was in "constant pain." He had previously been receiving treatment that included the use of a back brace for most of the day, the use of a Transcutaneous Electrical Nerve

Stimulator ("TENS Unit"), and a daily 100mg dose of Benadryl, used as a sleep aid.  Upon admission to MPC, Grace Okocha took Plaintiff's back brace, and did not return it for over three weeks.  Doctor Nnaemezie Umeasor did not provide Plaintiff with a TENS Unit, reduced Plaintiff's Benadryl dose by fifty percent, and did not prescribe any other effective medications.  Although a narcotic had previously helped provide Plaintiff with pain relief, it also caused nausea and posed a risk of addiction, and Plaintiff did not wish to take any narcotics unless nothing else was available.

Plaintiff repeatedly complained about the above, but Dr. Umeasor would not continue the treatments that had been prescribed at St. Lawrence Psychiatric Center.  Dr. Umeasor told Plaintiff that he would not provide a 100mg dose of Benadryl without a psychiatrist's approval.  Plaintiff repeatedly asked Dr. Umeasor to make an appointment with the psychiatrist on his behalf, but more than one month passed until that occurred and psychiatrist Dr. Brian Pell finally approved the increased dosage of Benadryl that Plaintiff needed to take to relieve his back pain-induced sleep deprivation.  Nevertheless, Plaintiff still did not receive treatment through the TENS Unit or any other effective medication for his back pain.

Attempting to obtain relief for his constant pain and redress for Okocha and Umeasor's refusals to provide his preferred treatments, Plaintiff wrote to several facility supervisors, including Carol McCloughlin, Vincent Miccoli, and Jean-Pierre Lindenmayer.  However, none of these authorities did anything in response.

B.     **Procedural History**

Following the above, Plaintiff filed the Complaint from the Manhattan Psychiatric Complex, on or before September 25, 2012, claiming that the Defendants violated his Eighth Amendment right to be free of cruel and unusual punishment, by acting with deliberate indifference to his medical needs and causing undue pain and suffering. Dkt. No. 2.  Following service of the complaint, the Defendants moved to dismiss for failure to state a claim, on June 20, 2013. Dkt. No. 24.  Pursuant to the Court's Individual Practices in Civil Cases and Special

Rules of Practice in Civil Pro Se Cases, on June 21, the Court granted Plaintiff an opportunity to amend his Complaint in response to the motion to dismiss, or to oppose the motion to dismiss. Dkt. No. 28.

However, Plaintiff had been moved to a different facility, so initial service of the motion to dismiss was ineffective. Dkt. No. 30. The Court issued an Order on July 16, requiring Plaintiff to notify the Court of his current address, but the Order was later returned to sender. Dkt. No 29. However, Plaintiff had mailed a change of address letter on July 18. Dkt. No. 31. Defendants then served the motion papers to Plaintiff's new address at a federal correctional facility in Oklahoma, on July 23. Dkt. No. 32.

By July 30, the Court had received no response from Plaintiff, and issued an Order extending Plaintiff's deadlines to respond to August 23. Dkt. No. 33. In a letter dated August 8, Plaintiff wrote from a federal correctional facility in Glenville, WV, requesting an additional extension of time, or dismissal without prejudice. Dkt. No. 34. Plaintiff noted that he had arrived in West Virginia from Oklahoma on July 29, and was placed in protective custody due to a threat from another inmate. *Id.* The transfer and placement meant his conditions of incarceration included a lack of writing materials, delayed ability to purchase stamps, and no access to a computer or law library, all of which had restricted and would restrict his ability to timely respond. *Id.*

On August 14, the Court received Plaintiff's letter and on August 22, extended his time to respond to October 4, also informing Plaintiff of his duty to keep the Court updated with his address changes. Dkt. No. 35. Having received no response by October 31, the Court granted Plaintiff an additional extension of time, to November 30, stating that it was Plaintiff's final chance to amend the Complaint or oppose the motion to dismiss. Dkt. No. 38. After no response was provided, Defendants requested the motion be deemed fully submitted. Dkt. No. 39. Accordingly, the Court endorsed and so ordered Defendants' request and deemed the motion fully submitted on December 16, 2013. Dkt. No. 40.

## II. DISCUSSION

The issue on this motion to dismiss is whether Plaintiff's complaint adequately states a claim against Defendants upon which relief can be granted.

For purposes of the motion to dismiss, all of the "factual allegations contained in the complaint" must be "accepted as true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Because Plaintiff is proceeding *pro se*, the Court also construes his pleading to raise the strongest claims it suggests. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). The rule favoring liberal construction of *pro se* submissions is especially applicable to civil rights claims. *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002). A complaint must do more, however, than offer "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although Plaintiff did not submit any opposition to this motion, "failure to oppose a 12(b)(6) motion cannot itself justify dismissal of a complaint." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (quoting *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000)) (internal quotation marks omitted). The Court thus will "assume the truth of [the] pleading's factual allegations and test only its legal sufficiency[, as] . . . the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d at 322.

Plaintiff brings a claim under the Eighth Amendment for cruel and unusual punishment for denial of medical treatment. Defendants argue that Plaintiff actually cannot bring an Eighth Amendment claim, because he was not a prisoner, at least not while at the Manhattan Psychiatric Center, where the claims arise. Defs.' Mem. 3. Defendants suggest that, as a claim relating to

4

civil confinement, such as commitment in a state psychiatric facility, Plaintiff's claim is properly asserted under the Fourteenth Amendment's Due Process Clause.

Although Plaintiff was admitted to MPC in March 2012, after being transferred from St. Lawrence Psychiatric Center, the Complaint does not indicate whether Plaintiff was civilly or criminally confined. The fact that MPC and St. Lawrence are psychiatric institutions indicates the former. However, it also appears Plaintiff may have been in these facilities following imposition of a criminal sentence, as he is currently incarcerated on a lengthy federal sentence that was imposed in 2010. *See United States v. Calhoun*, No. 10 Cr. 199 (N.D.N.Y. Oct. 13, 2010) (Dkt. Nos. 22, 25) (imposing 264 month sentence, and noting that "[i]t is hoped that this time around you will . . . participate in sex offender treatment").

The Court need not reach this factual matter, however, because "[c]laims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009); *see Balkum v. Sawyer*, No. 06 Civ. 1467, 2011 WL 5041206, at *11 (N.D.N.Y. Oct. 21, 2011) (applying Eighth Amendment deliberate indifference standards to Fourteenth Amendment claim by civilly confined individual alleging Eighth Amendment violations by psychiatric center staff). Accordingly, Plaintiff's claims will be assessed under the deliberate indifference standards of the Eighth Amendment.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, which includes punishments that involve "the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). To state an Eighth Amendment claim arising out of inadequate medical care, Plaintiff must allege "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251(1976). Deliberate indifference includes a subjective component and an objective component. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The subjective component means that the official charged with deliberate indifference must have acted with a

"sufficiently culpable state of mind" wherein they "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991); quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)) (internal quotation marks omitted). The objective component adds that "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Id.* (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)) (internal quotation marks omitted). "Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves *culpable recklessness*—'an act or a failure to act by a prison doctor that evinces a conscious disregard of a substantial risk of serious harm.'" *Id.* at 123 (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (emphasis added)).

Accordingly, "the Supreme Court has held that 'a complaint that a physician has been [merely] negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. at 106). Therefore, it is well-settled "that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 106–07). For example, "disagreements over medications . . . [or] forms of treatment . . . are not adequate grounds for a Section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) (citing *Estelle v. Gamble*, 429 U.S. at 107).

Plaintiff alleges that the Defendants took away his back brace for the first three weeks after admission, refused to provide transcutaneous electrical nerve stimulation, and refused to provide sufficient pain medication, resulting in "more pain" than the "constant pain" he already suffered due to his bad back. Compl. § III.C.

These alleged deprivations are simply not "sufficiently serious" to permit a finding of deliberate indifference that would permit recovery for an Eighth Amendment violation (or a

Fourteenth Amendment due process violation applying Eighth Amendment standards). *Hill v. Curcione*, 657 F.3d at 116. The Court assumes it is true that the Defendants' actions caused Plaintiff "more pain," but even viewed in the light most favorable to Plaintiff, the Complaint objectively fails to allege any "condition of urgency" existed that might "produce death, degeneration, or *extreme* pain." *Id.* (emphasis added). The Complaint alleges at most that the Defendants made different treatment decisions while treating Plaintiff's back pain than prior physicians. While Plaintiff disagreed, such "disagreements over medications . . . [or] forms of treatment . . . are not adequate grounds for a Section 1983 claim" under the Eighth Amendment. *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d at 312 (citing *Estelle v. Gamble*, 429 U.S. at 107). Since Plaintiff fails to allege a sufficiently serious deprivation, the Court does not need to reach the question of the Defendants' subjective culpability to grant the motion to dismiss.

      In considering the issue of subjective culpability, however, the Court also finds that the complaint fails to state a valid claim. To survive a motion to dismiss for failure to state a claim, a complaint based in prison officials' deliberate indifference must provide factual assertions plausibly alleging that "the official charged with deliberate indifference [had] act[ed] with a 'sufficiently culpable state of mind[;] . . . the official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hill v. Curcione*, 657 F.3d at 122 (quoting *Wilson v. Seiter,* 501 U.S. at 298; *Farmer v. Brennan*, 511 U.S. at 837). When alleging medical malpractice, a complaint does not state a claim unless the alleged "malpractice involves culpable recklessness—'an act or a failure to act by [a] prison doctor that evinces a conscious disregard of a substantial risk of serious harm.'" *Id.* at 123 (quoting *Chance v. Armstrong*, 143 F.3d at 703). While the Complaint does assert that the Plaintiff made at least some Defendants subjectively aware of his disagreements with their treatment decisions, *see, e.g.*, Complaint at § III.C ("Grace Okocha . . . had taken my back brace . . . even though I had informed her that I would be in more pain without it."), it falls short of

alleging that any Defendant knew of and disregarded an excessive risk to inmate health or safety. *Cf. Jones v. Westchester Cnty. Dep't of Corr. Med. Dep't*, 557 F. Supp. 2d 408, 415 (S.D.N.Y. 2008) (denying motion to dismiss deliberate indifference claim alleging that defendants refused to permit plaintiff suffering a "degenerative arthritic [hip] condition" to receive a scheduled "surgery, despite being aware of the seriousness of Plaintiff's condition, for the sole purpose of shifting the cost of his care to another institution"). Thus the Complaint's allegations also fail to state a claim with regard to the subjective component of the deliberate indifference test.

### III. CONCLUSION

The Court provided Plaintiff multiple opportunities to amend the complaint in response to Defendants' motion to dismiss, and warned that failure to respond would result in dismissal with prejudice. *See* Dkt. Nos. 28, 33, 35, 38. Plaintiff nevertheless has not amended his complaint, and the complaint fails to state a claim upon which relief can be granted. Accordingly, the Defendants' motion to dismiss is granted with prejudice.

This resolves Dkt. No. 24. The Clerk is directed to terminate the case.

SO ORDERED.

Dated: March 21, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge